**49 WB, LLC, Plaintiff–Appellant,**

**v.**

**VILLAGE OF HAVERSTRAW, Village of Haverstraw Board of Trustees, Trustee Francis J. "Bud" Wassmer, Trustee Francisco Batista, Trustee Rafael Bueno, Trustee Michael Kohut, Trustee Evelyn Rodriguez, John Doe, Jane Doe 1–20, Defendants–Appellees.**

**No. 12–787–cv.**

United States Court of Appeals, Second Circuit.

Feb. 4, 2013.

**34**

Mary Marzolla (J. David MacCartney,
Jr., on the brief), Feerick Lynch MacCart-
ney, PLLC, South Nyack, NY, for Appel-
lant.

Michael A. Miranda, Miranda Sambur-
sky Slone Sklarin Verveniotis LLP, Mineo-
la, NY, for Appellee.

Present: CHESTER J. STRAUB,
PETER W. HALL and CHRISTOPHER
F. DRONEY, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant 49 WB, LLC
("Plaintiff") appeals from the district
court's decision, entered on February 7,
2012, granting summary judgment for the
Defendants–Appellees, denying Plaintiff's
cross-motion for partial summary judg-
ment as to liability, and dismissing the
complaint. We assume the parties' famil-
iarity with the underlying facts, the proce-
dural history, and the issues presented for
review.

We review the grant or denial of a mo-
tion for summary judgment *de novo*. *Hu-
minski v. Corsones*, 396 F.3d 53, 69 (2d
Cir.2005). We resolve all ambiguities and
draw all permissible factual inferences in
favor of the nonmoving party. *See Patter-
son v. County of Oneida*, 375 F.3d 206, 219
(2d Cir.2004). If there is any evidence in
the record from which a reasonable infer-
ence could be drawn in favor of the oppos-
ing party on the issue on which summary
judgment was sought, then we must con-
clude summary judgment was improper.
*See Sec. Ins. Co. of Hartford v. Old Do-
minion Freight Line Inc.*, 391 F.3d 77, 83
(2d Cir.2004).

Plaintiff argues, based on the Appellate
Division's determination regarding the at-
tempted condemnation of Plaintiff's prop-
erty, that collateral estoppel required the
district court to grant summary judgment
on the issue of whether the Defendants
acted irrationally and in violation of Plain-
tiff's substantive due process rights. We
disagree. "Collateral estoppel is permissi-
ble as to a given issue if (1) the identical
issue was raised in a previous proceeding;
(2) the issue was actually litigated and
decided in the previous proceeding; (3) the
party had a full and fair opportunity to
litigate the issue; and (4) the resolution of
the issue was necessary to support a valid
and final judgment on the merits." *Bear,
Stearns & Co. v. 1109580 Ontario, Inc.*,
409 F.3d 87, 91 (2d Cir.2005) (internal
quotation marks omitted). We need look
only to the first element to dispose of
Plaintiff's argument.

Plaintiff asserts that the Appellate Di-
vision's finding of an "irrational" public
purpose in its annulment of Defendants'
condemnation attempt is the same finding
required for Plaintiff to prove its substan-
tive due process rights were violated.
This is simply incorrect. To show that
Defendants' condemnation of the property
at issue rises to the level of a substantive
due process violation, Plaintiff must show
that (1) it had "a valid property interest"
(which is not challenged here), and that
(2) the "defendants infringed on the prop-
erty right in an arbitrary or irrational
manner." *Cine SK8, Inc. v. Town of
Henrietta*, 507 F.3d 778, 784 (2d Cir.
2007). "For state action to be taken in
violation of the requirements of substan-
tive due process, the denial must have
occurred under circumstances warranting
the labels 'arbitrary and outrageous.'"
*Natale v. Town of Ridgefield*, 170 F.3d
258, 262 (2d Cir.1999). These labels are
associated with "racial animus" or "funda-

mental procedural irregularity," for example. *Id.* (internal quotation marks omitted) Our *de novo* review of the record demonstrates no genuine issue of fact as to whether the Defendants' actions, viewed as a whole, were arbitrary or irrational. Indeed, notwithstanding its finding that the Village's public purpose for the condemnation was irrational, the Appellate Division concluded that there was no evidence of bad faith, noting that "mere allegations of bad faith and suspicious timing, such as those alleged by 49 WB here, do not suffice." *49 WB, LLC v. Village of Haverstraw,* 44 A.D.3d 226, 239, 839 N.Y.S.2d 127 (N.Y.App.Div.2007). Indeed, the Appellate Division also found that Village's procedures "honored the parties' rights to notice and due process, were within the Village's eminent domain jurisdiction, and followed the statutory procedures of EDPL article 2." *Id.* at 240, 839 N.Y.S.2d 127.

Furthermore, the Appellate Division's review of the condemnation's "rationality" was more circumscribed than that of a constitutional inquiry, considering only "whether there exist[ed] a rational factual basis" for the condemnation and "whether the procedural requirements" were met. *See Greenwich Assocs. v. Metro. Transp. Auth.,* 152 A.D.2d 216, 219, 548 N.Y.S.2d 190 (N.Y.App.Div.1989). This includes whether there was a valid public use, the "public versus private benefits to be realized from the taking," and "the condemnor's good versus bad faith." *49 WB, LLC,* 44 A.D.3d at 238, 839 N.Y.S.2d 127. Because the state court concluded the Defendants showed no bad faith, the remainder of the state court inquiry is substantially dissimilar from an inquiry into whether the Defendants' conduct violated Plaintiff's substantive due process rights. Thus, contrary to Plaintiff's argument, a mere determination that there is no rational relationship between the condemnation and a valid public purpose is simply not the equivalent of a showing that the condemnation is arbitrary, capricious, or in bad faith such that it rises to a substantive due process violation under the U.S. Constitution. Although the Defendants violated New York law, neither the Appellate Division's findings in this regard nor Plaintiff's evidence before the district court show that Defendants violated the Plaintiff's substantive due process rights.

We have considered all of Plaintiff's other arguments and found each of them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.